**UNIQUE CONCEPTS, INC. and Floyd M. Baslow, Plaintiffs,**

v.

**Kevin BROWN d/b/a Creative Walls, Templar and Now Shram, and World Plastics Extruders, Inc., Defendants.**

**No. 86 Civ. 2891 (MP).**

United States District Court, S.D. New York.

May 22, 1987.

---

Milgrim Thomajan & Lee P.C., by Samuel D. Rosen, New York City, for plaintiffs.

Kaplan, Thomashower & Landau, by William J. Thomashower, New York City, for defendants.

## OPINION

MILTON POLLACK, Senior District Judge.

The issue presented is whether plaintiffs' jury demand in their September 19, 1986 second amended Complaint is effective; or did plaintiffs waive their right to a jury trial under Fed.R.Civ.P. 38 by failing to make a jury demand relating to their April 9, 1986 complaint, or their April 24, 1986 first amended complaint. As explained below, plaintiffs' September 19 jury demand was ineffective and untimely under Rule 38; plaintiffs had already waived their jury demand under the Rule.

### I. Background

On April 9, 1986 plaintiffs Unique Concepts and Floyd Baslow filed a Complaint against Kevin Brown and other related defendants. No jury demand was made on the face of the Complaint. No jury demand was made within 10 days of the complaint. The complaint sought injunctive relief, an accounting, damages, costs, and attorneys fees for defendants' alleged infringement of plaintiff's patented invention, "the FABRI–TRAK system." The complaint alleged at ¶ 11:

> "Defendants have been and are infringing said Letters Patent [plaintiffs' "'260 Patent"] by manufacturing or causing to have manufactured and selling components for fabric wall covering systems embodying the patented invention."

On April 24, 1986 plaintiffs served a first amended Complaint seeking identical relief, making the identical assertion as ¶ 11 in a new ¶ 17; and naming new defendants Custom Wall and Wall Acoustics (both allegedly controlled by Kevin Brown), deleting defendants Creative Wall and Shram. No jury demand was made on the face of this complaint or served within 10 days.

On May 15, 1986 defendants served an Answer and Counterclaims. No jury demand was made on the face of this pleading; neither party made a jury demand within 10 days.

On June 4, 1986 plaintiffs served a Reply to the Counterclaim. No jury demand was made within 10 days.

On September 19, 1986 plaintiffs served a second amended Complaint seeking identical relief, naming the same defendants, challenging the identical products, alleging infringement of the same '260 Patent, and

adding a claim of infringement of another Patent, the '686 Patent, in ¶ 17:

"Defendant has been and is infringing the '686 patent by causing to have manufactured and selling components for fabric wall covering systems embodying and reading on claims 1, 2, and 4 of said Patent."

Jury trial was demanded for the first time on the face of this second amended Complaint.

On September 19, 1986 defendants' Answer was deemed amended to assert same defenses and Counterclaims against the '686 Patent as the '260 Patent.[1]

## II. Discussion

### A. Rule 38

A party may demand trial of an issue by jury by serving "a demand therefor in writing" any time after the action commences, "not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b). Under Rule 38(d), the failure of a party to serve such a demand "constitutes a waiver by him of trial by jury." Fed.R.Civ.P. 38(d).

After waiver, "[i]f the original complaint is subsequently amended, the right to demand a jury trial is revived ... only if the amendment changes the issues." *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973) (en banc).

■ "[A] litigant who has already waived the right to a jury" may "demand a jury trial as to 'new issues' raised by subsequent pleadings." *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir.1980). A waiver is final unless an amended complaint "raises issues not fairly present in the original complaint." *Berisford Capital Corp. v. Syncom Corp.*, 650 F.Supp. 999, 1002 (S.D.N.Y. 1987).

In determining whether an amended complaint changes the issues or presents "new issues" the term " 'issue' means something more than the evidence offered and the legal theories pursued, although these are pertinent factors." *Rosen*, 639 F.2d at 94

(citation omitted). New issues were not presented by an amended complaint where "the same conduct and the same allegedly false documents constituted the basis" for different complaints containing divergent legal theories. *Lanza v. Drexel*, 479 F.2d 1277, 1310 (2d Cir.1973) (en banc) (amended complaint adding averment of fraud violating Section 17(a) of the Securities Act of 1933 did not present new issue when original complaint alleged Rule 10b–5 violation and common law fraud.). The party's initial "failure to demand a jury trial waived his right to all issues relating to this general area of dispute." *Id.*

To be considered is whether the waiving party had "an opportunity to consider whether he wants a jury trial" as to issues presented; if the purportedly new issues are "artful rephrasings" or repetition of already pleaded issues, the original waiver will be enforced, "for the party has already considered and forfeited his right to a jury." *Rosen*, 639 F.2d at 94.

"[W]hen the parties are the same before and after an amended pleading, it is difficult to show that a new issue has been raised. Usually, the initial jury demand (or waiver) will put the other party on notice that a jury (or the court) will be trying all issues related to the general area of dispute." *Rosen*, 639 F.2d at 96 (citation omitted).

### B. The Case at Bar

Under Rule 38, plaintiffs' September 19, 1986 jury demand is untimely. Plaintiffs waived a jury trial as to issues in the April 9, 1986 and April 24, 1986 Complaints by failing to make a demand within 10 days of the last pleading relating thereto.

The only question is whether plaintiffs' second amended Complaint raised new issues as to which jury trial had not been waived.

■ In the first complaint and the amended complaint plaintiffs charged misconduct by defendants against their patent by defendants' manufacture and sale of fabric wall covering system components.

---

**1.** Plaintiff now concedes that no claim of infringement is made on the '686 patent regarding "cove track," which apparently accounts for 90% of Brown's business.

In the second amended complaint plaintiffs re-stated a challenge to defendants' manufacture and sale of fabric wall covering system components, claiming misconduct by the same defendants against plaintiffs' same patent plus another patent allegedly owned by plaintiffs.[2]

Although another patent was alleged to have been infringed, the same allegedly wrongful conduct by defendants based the claim. The second amended complaint did not alter the essential conduct, transactions, and occurrences which were challenged in the first two complaints.

Plaintiffs' initial "failure to demand a jury trial waived [their] right to all issues relating to th[e] general area of dispute" in the initial pleadings. *See Lanza*, 479 F.2d at 1310. Here, the "general area of dispute" as to which plaintiffs waived their jury demand extends to whether defendants infringed plaintiffs' patents embodying the "Fabri-Trak system," as defined in plaintiffs' own original complaint.

The same alleged misconduct by Brown, relating to his alleged manufacture and sale of the "Fabri-Trak-like" wall covering products is at the foundation of each complaint. Although there are multiple complaints, the same conduct, the same defendant, and the manufacture and sale of the same allegedly infringing products constitute the basis of each; the latter complaint does not revive an earlier Rule 38 waiver. *See Lanza*, 479 F.2d at 1310.[3]

This is not a case of a party being surprised by new factual revelations relevant to the complaint. At the time plaintiffs elected not to demand a jury trial in the initial and amended complaints, plaintiffs knew what patents they held, what conduct defendants were allegedly engaged in, and the nature of the allegedly infringing products. Plaintiffs had an opportunity to con-sider these issues, addressed them in their initial pleadings, and forfeited their rights to a jury. Once a party has "had an opportunity to consider whether he wants a jury trial" as to the issues in the case, "the original waiver will be enforced." *Rosen* 639 F.2d at 94.

Plaintiffs' second amended Complaint did not change the issues after jury demand was waived. The waiver will not be upset; plaintiffs are not entitled as a matter of right to a jury trial.

### III. Appointment of an Expert

So that the litigation may proceed the Court will endeavor to select a qualified court appointed expert to assist at trial pursuant to Fed.R.Evid. 706(a). The expert shall be entitled to reasonable compensation determined by the Court, paid by the parties in equal proportion. *See* Fed.R. Evid. 706(b). The parties shall submit nominations for appointment of the expert in writing by June 15, 1987. Preferably, the parties will agree on a single nominee. If not, the Court will appoint an expert witness of its own selection. Fed.R.Evid. 706(a).

The Court will accept a report from the expert prior to trial regarding issues of patent construction, validity, and alleged infringement presented in this case. The expert shall advise the parties of his findings prior to trial. After the expert reports, his deposition may be taken by any party, and he may be called to testify at trial by the court or any party. Fed.R. Evid. 706(a).

SO ORDERED.

---

**2.** The validity of plaintiffs' '260 Patent has been challenged in litigation in Chicago, apparently with a degree of success. *See Unique Concepts, Inc. et al. v. Ted Manuel et al.*, No. 85–C–4181 slip op. (N.D.Ill. July 15, 1986) [Available on WESTLAW—DCT database]. There is a strong indication that the results of extrinsic litigation, not consideration of factual or legal issues relevant to this case, led plaintiffs to file the second amended Complaint.

**3.** The essence of the original complaint and each amended complaint is that defendants infringed plaintiffs' Fabri-Trak system "by manufacturing or causing to have manufactured and selling components for fabric wall covering systems embodying [plaintiff's] patented invention." *See* April 9 Complaint ¶ 11; April 24 amended Complaint ¶ 17; September 19 second amended Complaint ¶ 17.